## DEON v. McCLINTIC-MARSHALL CONST. CO.

### (Supreme Court, Appellate Term.   January 8, 1909.)

1. MASTER AND SERVANT (§ 201*)—INJURIES TO SERVANT—PROXIMATE CAUSE.
      Plaintiff was injured by the act of another employé, ordered by a fore-
      man whose sole duty was that of superintendence.  *Held* that, while the
      proximate act was that of the employé, the proximate cause of the in-
      jury was the negligent direction of the foreman.
        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 533;
      Dec. Dig. § 201.*]

2. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—NOTICE OF INJURY.
      An objection to a notice, issued under the employer's liability act, for
      insufficiently designating the place of the accident, is untenable, where it
      affirmatively appears that the master had actual knowledge as to the
      place, and was in no way misled by the informality of the statement in
      the notice.
        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806;
      Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Arthur Deon against the McClintic-Marshall Construc-
tion Company.  Judgment for plaintiff, and defendant appeals.  Af-
firmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
GUY, JJ.

Frank V. Johnson (Allan E. Brosmith, of counsel), for appellant.
Harry J. Sondheim, for respondent.

BISCHOFF, J.   From the testimony as to the manner in which the
accident happened, the negligence of the foreman was apparent, in
that he personally ordered another employé to release the chain at
the top of the column while the plaintiff was descending, with the nat-
ural result that the chain fell and struck the plaintiff.   Doubtless the
proximate act was that of the servant who released the chain; but
he simply obeyed the foreman's orders, and the proximate cause of the
injury was the negligent direction thus given.   This foreman was not
a mere fellow laborer, as in Abrahamson v. Gen. Supply Co., 112 App.
Div. 318, 98 N. Y. Supp. 596.   His sole and actual duty was that of
superintendence, according to evidence which the trial court could
properly accept, and so far as the appellant assails the sufficiency
of the notice under the employer's liability act (Laws 1902, p. 1748,
c. 600), in the matter of the designation of the place of the accident,
the ground of objection is untenable, since it affirmatively appeared
that the defendant had actual knowledge of this detail, and was in
no way misled by the informality of statement.   Heffron v. Lacka-
wanna Steel Co., 121 App. Div. 35, 105 N. Y. Supp. 429.

Judgment affirmed, with costs.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes